UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Shirley A. Dover
and David O. Hubbard,

Plaintiffs,

vs.

Messerli & Kramer, P.A.
a Minnesota Professional Association,
Ford Motor Credit Company,
a Delaware corporation, and
Richfield Bank and Trust Company,
a National Bank,

Defendants.

**Civil Action No. 01-CV-504 (JMR/FLN)**

## PRELIMINARY APPROVAL ORDER

This matter coming before the Court on the joint motion of the parties for preliminary approval of a Class Settlement Agreement, and the Court being duly advised in the premises, **IT IS HEREBY ORDERED:**

1. The Court finds that the proposed settlement is fair and reasonable and grants preliminary approval to it. In the event that the proposed settlement is not finally approved for any reason, Defendants shall retain their rights to contest or appeal all issues including the certification of the classes.

2. The Court further finds that, taking into account the settlement terms, and considering the class certification requirements of Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), settlement and class certification are warranted because:

FILED
RICHARD D. SLETTEN, CLERK
AUG 21 2002
JUDGEMENT ENTERED
DEPUTY CLERK'S INITIALS

a. The collective settlement classes are so numerous that joinder of all members is impractical;

b. There are questions of law and fact common to the two settlement classes that predominate over any questions affecting only individual class members. The principal question common to the settlement class is each class member's right to the proceeds of the settlement based on the form and litigation of the prejudgment garnishments filed by Defendant Messerli & Kramer, P.A. on behalf of Defendants Ford Motor Credit Company and/or Richfield Bank and Trust Company. The individual questions concern identification of the settlement class members and computation of their proceeds from the settlement;

c. Plaintiffs' claims are typical of the other class members in that the same procedures can be used to determine their right to the proceeds of the settlement as are used for other class members; and

d. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs are deemed suitable class representatives and are committed to vigorously litigating this matter and have retained counsel to handle the class claims who are also deemed to be adequate class counsel. Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this claim. The settlement terms agreed to by Plaintiffs do not prejudice absent class members for their benefit or the benefit of other class members.

3. The Court certifies for settlement purposes only, the two classes consisting of the following:

a. **COUNT 1 CLASS:** all Minnesota residents who within one year prior to the filing of this action had prejudgment garnishment proceedings instituted against them by Messerli & Kramer, P.A. on behalf of Ford Motor Credit

Company and/or Richfield Bank and Trust Company.

b. **COUNT 2 CLASS:** all Minnesota residents who from March 22, 1999 to March 19, 2000 had prejudgment garnishment proceedings instituted against them by Defendant Messerli & Kramer, P.A. on behalf of Ford Motor Credit Company and/or Richfield Bank and Trust Company.

4. A hearing on the fairness and reasonableness of the settlement agreement and whether final approval shall be given to it and the requests for fees and expenses by counsel for the Plaintiffs and the class will be held before this Court on Friday, November 22nd, 2002, at 9:30 a.m.

5. The Court approves the proposed form of notice to the class members to be directed to the last known address of the class member as shown on Defendant Messerli & Kramer, P.A.'s records. Within 21 days, Defendant Messerli & Kramer, P.A. shall send by United States mail the applicable notice to each class member at his or her last known address on the records of Defendant Messerli & Kramer, P.A.

6. If as a result of the mailing of class notices a forwarding address is furnished by the Postal Service but the notice is not forwarded by the Postal Service, Defendant Messerli & Kramer, P.A. will remail the notice to the address(es) provided by the Postal Service.

7. The Court finds that mailing of class notices and the other measures specified above to locate and notify the class members is the only notice and that such notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23.

8. Class members shall have until November 1, 2002, to opt-out or object to the proposed settlement. Any class members who wish to opt-out or object to the settlement must submit a request for exclusion or an objection in writing to the Clerk of the District Court and serve copies on counsel for both Defendants and Plaintiffs by that date. Any objection must include the

name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed settlement is not in the best interests of the class. Objectors may also appear at the hearing on the fairness of the settlement.

BY THE COURT:

August 20, 2002

The Honorable James M. Rosenbaum
Judge of United States District Court