UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Shirley A. Dover
and David O. Hubbard,

Civil Action No. 01-CV-504 (JMR/FLN)

Plaintiffs,

vs.

Messerli & Kramer, P.A.
a Minnesota Professional Association,
Ford Motor Credit Company,
a Delaware corporation, and
Richfield Bank and Trust Company,
a National Bank,

Defendants.

---

**FINAL APPROVAL ORDER**

This matter comes before the Court on the joint request of Defendants Messerli & Kramer, P.A., Ford Motor Credit Company, Richfield Bank and Trust Company and Plaintiffs Shirley A. Dover and David O. Hubbard for final approval of a Class Settlement Agreement.

The total number of members in the "Count 1 class" is 527. Actual notices were sent by First-Class mail to 527 individuals at their current mailing address pursuant to Defendant Messerli & Kramer, P.A.'s records. The total number of members in the "Count 2 class" is 101. Actual notices were sent by First-Class mail to 101 individuals at their current mailing address pursuant to Defendant Messerli & Kramer, P.A.'s records.

A total of 3 class members requested to be excluded from the Class Settlement Agreement. A total of 0 class members objected to the Class Settlement Agreement.

FILED
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED
DEPUTY CLERK'S INITIALS

The Court being duly advised in the premises, **IT IS HEREBY ORDERED:**

1) The Court certifies that the class consists of all individuals who satisfy the following criteria:

a. COUNT 1 CLASS: all Minnesota residents who within one year prior to the filing of this action had prejudgment garnishment proceedings instituted against them by Messerli & Kramer, P.A. on behalf of Ford Motor Credit Company and/or Richfield Bank and Trust Company.

b. COUNT 2 CLASS: all Minnesota residents who from March 22, 1999 to March 19, 2000 had prejudgment garnishment proceedings instituted against them by Defendant Messerli & Kramer, P.A. on behalf of Ford Motor Credit Company and/or Richfield Bank and Trust Company.

2. The Court approves the notice to the class as consistent with due process and the requirements of Federal Rule of Civil Procedure 23.

3. The Court finds that the proposed settlement is fair and reasonable and approves it, and directs that the parties implement it.

4. Plaintiffs and plaintiffs' counsel are deemed adequate class representatives and class counsel, respectively.

5. Defendants will make a credit of $100 to each member of both Classes applied against the amount owing by each Class member as detailed in the underlying prejudgment garnishments, the subject of which resulted in this action. If any particular Class member as already fully satisfied total amount owing under any given prejudgment garnishment (whether reduced to a judgment or not), each such class member will be paid the sum of $100 or any

fraction thereof in the event of a partial satisfaction of any prejudgment garnishment amount where the partial satisfaction has reduced the amount owing to less than $100.

6. Count 1 Class members will receive an additional credit of $10 (for a total credit of $110). If any particular Count 1 Class member has already fully satisfied the total amount owing under any given prejudgment garnishment (whether reduced to a judgment or not), each such Count 1 Class member will be paid the sum of $110 or any fraction thereof in the event of a partial satisfaction of any prejudgment garnishment amount where the partial satisfaction has reduced the amount owing to less than $110.

7. As of the effective date of this Settlement Agreement, Plaintiffs and each and every class member hereby remise, release, and forever discharge Messerli & Kramer, P.A., Ford Motor Credit Company and Richfield Bank and Trust Company and all of their employees, attorneys, principals, partners, insurers, assigns, predecessors, successors, affiliates, subsidiaries, officers, directors, employees, representatives and their attorneys (sometimes referred to as "the Released Parties") of and from all claims, debts, dues, obligations, lawsuits and causes of action of every kind of nature that they (or their heirs, successors or assigns) may have, or which could have been brought against the released parties in the federal lawsuit or the foreclosure lawsuit, the liability for which is expressly denied by the Released Parties.

8. The Court dismisses the claims of Plaintiffs and the class against Defendant and the Released Parties with prejudice and without costs or disbursements, except as provided in paragraph 17 of the Settlement Agreement.

9. The Court awards Plaintiffs' counsel $14,000.00 as its fees and costs and $2,500.00 each to SHIRLEY A. DOVER and DAVID O. HUBBARD as class representatives.

10. The Court retains jurisdiction over the interpretation, enforcement and implementation of the settlement agreement and this Order.

**BY THE COURT:**

Dated: November 22nd, 2002

The Honorable James M. Rosenbaum
Judge of United States District Court